IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA MILES OGIER, *Trustee for the Bankruptcy Estate of Beverly McBrayer*,<br><br>    Plaintiff,<br><br>    v.<br><br>ADP TOTALSOURCE SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-02025-AT-CMS |

## **NON-FINAL REPORT AND RECOMMENDATION**

This case is before the Court on the motion for judgment on the pleadings filed by Defendant ADP TotalSource Services, Inc. ("ADP" or "Defendant"). (Doc. 9).

Defendant's motion asserts that because Plaintiff's employment claims were actually part of her bankruptcy estate, Plaintiff lacked and lacks standing to pursue her claims against ADP for retaliation and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA").

In response, Plaintiff filed a brief opposing the motion for judgment on the pleadings, agreeing that she lacked and lacks standing, but seeking sufficient time to re-open her bankruptcy action, inform the trustee, and file the appropriate motion to substitute the trustee as the real party in interest in this lawsuit. (Doc. 12). Plaintiff

AO 72A
(Rev.8/82)

requested, and was granted, a stay of discovery in order to commence and complete the substitution process. (Docs. 8, 16).

Rule 17(a) provides, in pertinent part, as follows:

(1) **Designation in General.** An action must be prosecuted in the name of the real party in interest.
...
(3) **Joinder of the Real Party in Interest.** The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a).

Rule 25 governs the substitution of parties, and provides:

**(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

Fed. R. Civ. P. 25(c).

On December 11, 2017, Tamara Miles Ogier, as Chapter 7 Trustee for the Estate of Plaintiff Beverly Jean McBrayer, filed a notice of intent to ratify, join, or be substituted in this action. (Doc. 17). On February 6, 2018, Plaintiff McBrayer filed a formal motion to substitute bankruptcy trustee Ogier as the real party in interest for

Plaintiff.  (Doc. 19).  Defendant ADP consented to the substitution.  (Doc. 20).  Plaintiff's motion to substitute was granted on February 16, 2018.  (Doc. 21).

The substitution of Tamara Miles Ogier, as Trustee, renders moot the motion for judgment on the pleadings filed by ADP against McBrayer for lack of standing.  Accordingly, I hereby **RECOMMEND** that the Court **DENY AS MOOT** ADP's motion for judgment on the pleadings (Doc. 9).

**IT IS SO RECOMMENDED**, this 21st day of February, 2018.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)